UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ) ) ) ) ) ) ) ) | ML No: 22-1399 |

*Reference:*   DOJ Ref. # CRM-182-85518

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Portugal. In support of this application, the United States asserts:

RELEVANT FACTS

1. The Competent Authority of Portugal, the Prosecutor General's Office, submitted a request for assistance (Request) to the United States, pursuant to the Convention on Cybercrime, Jan. 7, 2004, Council of Eur., T.I.A.S. No. 13174, C.E.T.S. No. 185 (Convention).

2. As stated in the Request, the Prosecutor's Office for the District of Braga, in Portugal, is investigating unknown subject(s) for qualified swindling (fraud), which occurred from November 2020 through at least January 2021, in violation of the criminal law of Portugal,

specifically, Article 217, paragraph 1, and Article 218, paragraph 1, of the Portuguese Penal Code. Under the Convention, the United States is obligated to assist in response to the Request.

3. According to Portuguese authorities, in November 2020, the victim accepted a friend request on Facebook from an individual using the name Colin Walter (Walter). Walter claimed to be a member of the American military who was on a mission in Afghanistan. The victim and Walter communicated through the social media application WhatsApp, and the victim was led to believe that she was in a romantic relationship with Walter, who told the victim that he intended to move to Portugal to live with her.

4. On December 10, 2020, Walter convinced the victim that his bank account was blocked and asked the victim to purchase and email an Amazon gift card in the amount of USD 200 to his daughter for her birthday. The victim provided the gift card as instructed. Thereafter, Walter told the victim that, while he was in Afghanistan, he could not transfer money from his account in the United States to his daughter's school account and asked the victim to transfer USD 3,500 for him. Walter sent the victim a link and access codes to a website he claimed was for his bank account, which showed a balance of approximately USD 1 million. When the transfer failed, Walter asked the victim to transfer USD 3,500 from her bank account and promised that he would repay her. Believing she would be repaid, on December 16, 2020, the victim transferred USD 3,500 to account number XXXXX7661 at JPMorgan Chase Bank, N.A., located in the United States, as instructed.

5. During December 2020, Walter convinced the victim that he wanted to leave the army and needed a lawyer to assist him. At his request, the victim emailed an individual purporting to be Walter's lawyer, who told the victim that legal fees had to be paid before he could secure Walter's release from military service. The victim transferred USD 16,350, on

December 31, 2020, to a German bank account, as instructed.  On January 6, 2021, the victim transferred EUR 2,982.33 to the same account.  Thereafter, the lawyer convinced the victim that she had to pay for a marriage certificate that Walter needed to leave Afghanistan.  On January 14, 2021, the victim transferred USD 40,200 to account number XXXXXX8540 at TD Bank, N.A., located in the United States, as instructed.  To expedite the marriage process, on January 19, 2021, the victim transferred EUR 4,800 to the bank account in Germany.  On January 25, 2021, the victim was contacted by someone claiming to be Walter's daughter, who told the victim that she was stranded in New Zealand and needed money for her accommodations and her return trip to the United States.  As a result, the victim transferred, on the same day, USD 8,850 to JPMorgan Chase Bank account number XXXXX8766, as instructed.

6. The victim suspected that she had been defrauded when Walter's purported lawyer instructed her to pay EUR 54,000 to cover Walter's return expenses.  The victim did not make the payment and confronted Walter with her suspicions.  Walter then blocked her on all social media.  The victim has been unable to contact Walter, who has not returned any of her money.

7. To further the investigation, Portuguese authorities have asked U.S. authorities to provide bank records, including account holder information, pertaining to TD Bank account number XXXXXX8540 and to JPMorgan Chase Bank account number XXXXX7661, and to interview the account holder(s).

## LEGAL BACKGROUND

8. A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> \*          \*          \*

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> \*          \*          \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of

Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

11. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

12. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

13. The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor General's Office in Portugal, and seeks assistance in the investigation of qualified swindling – a criminal offense in Portugal.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interview(s), falls squarely within that contemplated by Section 3512 and the Instrument.  Finally, this application was properly filed in the District of Columbia.

14. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Instrument authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner's subpoena.

15. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Susan P. Hunter, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                                                Respectfully submitted,

                                                VAUGHN A. ARY
                                                DIRECTOR
                                                OFFICE OF INTERNATIONAL AFFAIRS
                                                OK Bar Number 12199

By:    _____
                 Susan P. Hunter
                 Trial Attorney
                 D.C. Bar Number 501430
                 Office of International Affairs
                 Criminal Division, Department of Justice
                 1301 New York Avenue, N.W.
                 Washington, D.C. 20530
                 (202) 305-7822
                 Susan.Hunter@usdoj.gov